# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMONIQUE HINES,<br><br>                              Plaintiff,<br>    vs.<br><br>KFC U.S. PROPERTIES, INC.,<br><br>                              Defendant. | CASE NO. 09cv2422 JM(POR)<br><br>ORDER DENYING MOTION TO REMAND; DENYING MOTION TO TRANSFER VENUE; SCHEDULING ORDER |

Plaintiff Domonique Hines ("Hines") moves to remand this action to state court. Defendant KFC U.S. Properties, Inc. ("KFC") moves for a convenience transfer to the Central District of California. All motions are opposed. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, both motions are denied. The court also instructs Plaintiff to obtain from chambers a hearing date on her motion for class certification, see L.R. 7.1(e)(1), and to file the motion for class certification within 30 days of entry of this order.

## BACKGROUND

On October 2, 2009 Hines commenced a putative class action in the Superior Court for the County of San Diego. KFC, the only defendant, timely removed the action to federal court based upon the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1332. Plaintiff is a citizen of California who seeks to represent a class of similarly situated plaintiffs, identified as current or former employees of KFC in the State of California. (Compl. ¶2). The court notes that the Complaint fails to identify any class period. KFC asserts that it is incorporated in Delaware with its principal place of business

in Kentucky. (Notice of Removal ¶8).

**The Claims**

In broad brush, Plaintiff alleges that KFC acted in furtherance of its

"policies and practices of not paying Plaintiffs all wages earned and due, through methods and schemes which included but are not limited to, failing to pay overtime premiums; failing to provide rest and meal periods; failing to properly maintain records; failing to provide accurate itemized statements for each pay period; and requiring, permitting or suffering the employees to work off the clock, in violation of California Labor Code and Industrial Welfare Commission ("IWC") Orders.

(Compl. ¶6). Plaintiff brings this action on behalf of potentially 14,200 class members who were employed by KFC during the period October 2, 2005 through October 2, 2009. Based upon the complaint's allegations, Plaintiff alleges seven claims for (1) failure to provide meal periods in violation of Cal. Labor Code §226.7; (2) failure to provide rest periods in violation of Cal. Labor Code §226.7; (3) failure to pay overtime compensation in violation of Cal. Labor Code §510, 1194; (4) failure to pay minimum wages in violation of Cal. Labor Code §§1194, 1197; (5) failure to pay all wages due to discharged or quitting employees in violation of Cal. Labor Code §§201-203; (6) failure to provide employees accurate itemized statements in violation of Cal. Labor Code §226, 1174, 1174.5; and (7) unfair business practices in violation of Cal. Bus. & Prof. Code §17200 et seq.

**The Archila Action**

On October 14, 2008 counsel for Plaintiff herein, the firm of Rastegar & Matern, commenced a wage and hour case against KFC in the Central District of California before Judge Manuel Real. The named Plaintiff, Kenny Archila ("Archila"), alleged the same seven causes of action, in addition to a claim seeking a civil penalty pursuant to Cal. Labor Code §2699. The Archila complaint was similarly filed as a putative class action in state court and subsequently removed by KFC. (Sugg Decl. ¶3). The parties conducted substantial discovery in the Archila action, engaged in motion practice, and retained and conducted expert discovery. On July 7, 2009, Judge Real dismissed the class allegations for failure to timely comply with the Local Rules in moving for class certification. (Sugg Decl. Exh. 2).

On the eve of trial, August 18, 2009, the parties filed a joint motion for dismissal of the action with prejudice. (Sugg Decl. Exh. 6). In the joint motion, plaintiff Archila sought to preserve his right to appeal certain dismissed claims, including the denial of the motion for class certification. The

parties anticipate completing briefing on the issues on appeal prior to June 2010.

## DISCUSSION

**Motion to Remand**

Plaintiff argues that this action must be remanded to state court pursuant to 28 U.S.C. §1447 because the court lacks diversity jurisdiction as KFC is a citizen of California. This argument is not persuasive.

Pursuant to 28 U.S.C. §1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." To determine a corporation's "principal place of business," the Ninth Circuit has applied several different but related tests to assist district courts in assessing the principal place of business of a corporation: the "nerve center test," the "place of operations test," and the "total activities test." Davis v. HSBC Bank Nevada, 557 F.3d 1026, 1028 (9th Cir. 2009); Tosco Corp. v. Communities for a Better Env't, 236 F.3d 495, 499 (9th Cir. 2001); Industrial Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1094 (9th cir. 1990). In applying these tests, the purpose remains the same: "avoid[ing] the effects of prejudice against outsiders." Industrial Tectonics, 912 F.2d at 1094. The burden of demonstrating removal jurisdiction rests with the party asserting federal jurisdiction. Gaus v. Miller, Inc., 980 F.2d 564, 566 (9th Cir. 1991).

Applying any of these tests, the court concludes that Kentucky is KFC's principal place of business. Under the "nerve center test," the court considers relevant factors such as the location of the corporate/executive offices, the location of the administrative and financial offices, the location of records, the location of the corporation's home office, and the site where day-to-day control is exercised. Here, KFC's corporate headquarters are located in Louisville, Kentucky as are 30 of its corporate officers. (Yeaker Decl. ¶¶9). All company-wide decision making occurs in Kentucky, including corporate decisions regarding stores located in California. Id. ¶10.

In large part, Plaintiff generally argues that KFC's operations in California substantially predominate over those in other states and therefore it should be considered a citizen of California for purposes of CAFA. KFC presently has 879 corporately-owned stores located in 21 states. Of these, 138 stores are located in California, 129 in Texas, 85 in Florida, 73 in Virginia, 56 in Georgia, and 50

1  in both Arizona and Illinois. (Yeaker ¶¶4-5). The fact that KFC has more stores and employees in
2  California does not mean that KFC's operations in California "substantially predominate" for purposes
3  of determining diversity jurisdiction. In <u>Davis</u>, 557 F.3d 1026, the district court determined that the
4  nationwide electronics chain, Best Buy, Inc., was a citizen of California because it maintained more
5  stores, employees, and sales in California than any other state. The Ninth Circuit reversed holding
6  that the term "substantially predominate" does not mean the state with the largest population because,
7  to do so, would mean that virtually every national retailer would be deemed a citizen of California.
8  Here, under <u>Davis</u>, KFC's California-based operations do not substantially predominate in California.
9      In sum, the motion to remand is denied.

10 **The Motion to Transfer Venue**

11     KFC moves to transfer this action to the Central District of California. Under 28 U.S.C.
12 §1404(a), the court may transfer an action to any other district or division where it might have been
13 brought "[f]or the convenience of the parties and witnesses and in the interest of justice." 28 U.S.C.
14 §1404(a); <u>Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp</u>, 820 F.Supp. 503, 506 (C.D. Cal.
15 1992). A convenience transfer under §1404(a) requires the court to assess a variety of factors and
16 "involves subtle considerations and is best left to the discretion of the trial judge." <u>Sparling v.
17 Hoffman Construction</u>, 864 F.2d 635, 639 (9th Cir. 1988). The court may consider the convenience
18 of the parties and witnesses, and the promotion of judicial efficiency and economy in determining
19 whether to transfer an action. <u>Id</u>. Private factors to be considered include the location where the
20 operative events occurred, the convenience of the parties and non-party witnesses, the location of
21 relevant evidence, the availability of compulsory process, and other practical considerations for the
22 efficient and cost-effective resolution of claims. <u>Decker Coal Co. v. Commonwealth Edison Co.</u>, 805
23 F.2d 834, 843 (9th Cir. 1986). Courts also look to the so-called public factors such as relative docket
24 congestion, the local public and jury pool's interest in the controversy, and issues relative to judicial
25 economy. <u>Id.</u> at 508-09. Defendant has the burden of demonstrating that transfer is appropriate. <u>See
26 Commodity Futures Trading Comm'n v. Savage</u>, 611 F.2d 270, 279 (9th Cir. 1981).

27     Here, the court concludes that KFC fails to establish that a venue transfer is warranted under
28 the circumstances to promote the fair and efficient resolution of Plaintiff's' claims. With respect to

1  the private interests, Plaintiff's choice of venue is usually accorded significant weight.  However,
2  where the action is brought as a class action, Plaintiff's choice of forum is entitled to less weight.  Lou
3  v. Belzerg, 834 F.2d 730, 739 (9th Cir. 1987).  The convenience of witnesses and parties does not
4  significantly favor either judicial district as relevant evidence is located throughout the judicial
5  districts of California.  Similarly the practical considerations impacting an efficient and cost effective
6  resolution of the action appear equally distributed between the Central and Southern Districts.

7  The so-called public interest factors also do not strongly favor transfer.  The present dispute
8  is not the type of localized controversy limited to the Southern District.  Rather, the local interests in
9  Plaintiff's wage and hour claims are distributed throughout the state with no predominate interested
10  district.  The court notes that the parties do not submit any evidence concerning the relative congestion
11  of the courts or issues relative to judicial economy.

12  Finally, KFC raises the issue of forum shopping.  KFC demonstrates that Plaintiff's counsel
13  brought the same wage and hour claims in the Central District.  The complaints in this and the Archila
14  action are virtually identical.  Plaintiff's counsel litigated the same wage and hour claims in the
15  Central District for nearly a year, delayed moving for class certification in a timely fashion under the
16  local rules of the Central District, and, when the motion for class certification was denied as untimely,
17  dismissed his individual claims on eve of trial.  Furthermore, the court notes that the parties conducted
18  significant fact and expert discovery in Archila and the district court ruled on several pretrial motions.
19  Plaintiff's counsel is currently pursuing an appeal before the Ninth Circuit of the denial of the motion
20  for class certification.  Accordingly, this interest of justice consideration favors transfer.

21  Even though Plaintiff's counsel has engaged in a form of forum shopping, the court declines
22  to transfer the action because a §1404(a) transfer is appropriate only when the transfer is convenient
23  for the parties and witnesses and in the interests of justice.  Here, there is an insufficient showing that
24  a venue transfer to the Central District will be more convenient for the parties and witnesses.  The
25  witnesses and parties reside throughout the state with no judicial district predominating.  Furthermore,
26  Plaintiff Hines, and the class she seeks to represent, are entitled to seek relief based upon the
27  complaint's hour and wage claims and should not be prejudiced by counsel's failure to timely move
28

for class certification in the Archila action.[1]

**Scheduling Order**

Mindful of the court's obligation to resolve issues of class certification at "an early practicable time," Fed.R.Civ.P. 23(c)(A), the court instructs Plaintiff to file a motion for class certification within 30 days of entry of this order.

In sum, the motion to remand is denied as is the motion to transfer venue.

**IT IS SO ORDERED.**

DATED: February 16, 2010

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:     All parties

---

[1] The court notes that Judge Real determined that the motion for class certification in Archila was procedurally barred as untimely, not that the wage and hour claims were inappropriate for class action treatment.