IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMONIQUE HINES, individually, and on behalf of all other similarly situated current and former employees of KFC U.S. Properties, Inc.,<br><br>Plaintiffs,<br><br>v.<br><br>KFC U.S. PROPERTIES, INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 3:09-cv-02422-JM-DHB<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR FINAL CERTIFICATION OF SETTLEMENT CLASS**<br><br>Hearing Date: January 28, 2013<br>Hearing Time: 10:00 a.m.<br>Courtroom: 16<br>Judge: Hon. Jeffrey T. Miller |

On January 28, 2013, a hearing was held on the motion of Plaintiff Domonique Hines for final approval of the proposed class action settlement.

The parties have submitted the proposed Settlement Agreement, which this Court preliminarily approved in its October 4, 2012 Order (Dkt. No. 146) (the "Preliminary Approval Order").

Having received and considered the Settlement Agreement, the supporting papers filed by the parties, the response of the Class Members to the Class Notice, and the evidence and argument received by the Court at the final approval hearing on January 28, 2013, by means of this order (the "Final Approval Order") the Court grants final approval to the Settlement Agreement, and HEREBY FINDS and ORDERS as follows:

1. Except as otherwise specified herein, the Court for purpose of this Final Approval Order adopts all defined terms set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this litigation and all claims raised in this action and released in the Settlement Agreement, and personal jurisdiction over KFC U.S. Properties, Inc. ("KFC") and all Class Members. Specifically, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332.

3. Pursuant to the Preliminary Approval Order, a Notice of (1) Proposed Class Settlement and (2) Final Settlement Approval Hearing (the "Class Notice") and a Claim Form were sent to each Class Member by first-class mail. The Claims Administrator took reasonable steps to provide the Class Notice and Claim Form to Class Members when it learned that the address to which those documents were mailed was no longer accurate. These documents informed Class Members of the terms of the Settlement Agreement, their right to claim a share of the settlement proceeds and the procedure therefore, their right to object to the Settlement Agreement or to opt out of the Settlement Agreement and pursue their own remedies, and their right to appear at the final approval

hearing and be heard regarding approval of the Settlement Agreement.  Notice was provided with ample time for the Class Members to follow these procedures.

4.  The Court finds that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement Agreement based on the responses of the Class Members.  Notice was accomplished in all material respects in the manner prescribed by the Settlement Agreement.  The Court finds that the notice provided in this case was the best notice practicable, and satisfied the requirements of due process and Federal Rule of Civil Procedure 23 ("Rule 23").

5.  For the reasons stated in the Preliminary Approval Order, this Court finds that the proposed settlement Class, as defined in the Settlement Agreement, meets all of the legal requirements for class certification under Rule 23(a) and (b)(3), and it is hereby ordered that certification of the Class is finally approved for purposes of settlement of this action.  The twelve persons who timely requested exclusion from the Class (who are listed on Exhibit A to the Final Judgment) are not Class Members, and will not be bound by the Judgment in this case.

6.  The Court finds that the proposed settlement is reasonable based on a weighing of the strength of Plaintiffs' claims with the risk, expense, complexity, and duration of further litigation.  The Court also finds that the Settlement Agreement is the result of arms'-length negotiations between experienced counsel representing the interests of the Class and KFC, after thorough factual and legal investigation.  The Court further finds that the response of the Class to the Settlement Agreement supports settlement approval.  Specifically, no Class Member objected to the proposed settlement. Accordingly, pursuant to Rule 23(e), the Court finds that the terms of the Settlement Agreement are fair, reasonable, and adequate to the Class and to each Class Member. *Staton v. Boeing*, 327 F.3d 93, 960 (9th Cir. 2003); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1291 (9th Cir. 1992).

7. The Court grants final approval to the Settlement Agreement, and orders the parties to implement and comply with its terms.

8. Nothing in this Final Approval Order will preclude any action to enforce the parties' obligations under the Settlement Agreement or under this order.

9. By operation of the entry of this Final Approval Order and pursuant to the Settlement Agreement, all Class Members who have not timely opted out are permanently barred from prosecuting against the parties any Released Claim as set forth in the Settlement Agreement.

10. Pursuant to this Final Approval Order, the clerk shall enter final judgment in this action, in accordance with the terms of the Settlement Agreement.

11. Without affecting the finality of the Court's judgment in any way, the Court retains jurisdiction over this matter for the purposes set forth in the Settlement Agreement, including the resolution of issues relating to interpretation, administration, implementation, effectuation and enforcement of the Settlement Agreement, and ruling on attorneys' fees and service payments.

12. This action is dismissed with prejudice, each side to bear its own costs and attorneys' fees, except as provided by the Settlement Agreement and the Court's orders.

Date: February 13, 2013

Hon. Jeffrey T. Miller
United States District Judge